UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORMA STEVENS,<br>    Plaintiff,<br><br>v.<br><br>FEDERATED RETAIL HOLDINGS, INC.,<br>D/B/A MACY'S EAST, CHANALUE<br>BARONETTE AND MATT DITTMAN,<br>    Defendants. | 3:08-cv-939 (WWE) |

## RULING ON PLAINTIFF'S MOTION TO REMAND

Plaintiff Norma Stevens moves this Court for a remand to the state court from which defendant Federated Retail Holdings, Inc., d/b/a Macy's East, removed this action. Plaintiff argues that following the removal under 28 U.S.C. § 1332, she joined defendants Chanalue Baronette and Matt Dittman whose inclusion destroyed federal diversity jurisdiction. For the reasons below, the Court will grant plaintiff's motion.

## BACKGROUND

Plaintiff filed suit in the Connecticut state court on May 21, 2008 against defendant Federated. On June 20, 2008, Federated filed a Notice of Removal removing this action to this Court pursuant to 28 U.S.C. § 1332 insofar as Stevens is a citizen of Connecticut and Federated is a New York corporation with a principal place of business in Ohio. On June 23, plaintiff filed a motion to amend her complaint in the state court to add defendants Baronette and Dittman, both of whom are citizens of Connecticut; the state court never ruled on this motion. On June 30, plaintiff filed an amended complaint in this Court adding the individual defendants.

Plaintiff now moves for the Court to remand the case to state court. Federated

1

has filed an opposition arguing that the Court should deny plaintiff's motion because plaintiff's addition of the individual defendants was inappropriate and designed to destroy diversity among the parties.

## DISCUSSION

A party may remove a case from state court to federal court only if the action is one over which the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). To demonstrate that removal is proper, the movant bears the burden of showing the existence of federal jurisdiction. Where a plaintiff seeks to join additional defendants who would destroy diversity, the Court may deny joinder and keep the case or permit joinder and remand it to the state court.

A plaintiff, however, "may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." Pampillonia v. RJR Nabisco. Inc., 138 F.3d 459, 460-461 (2d Cir. 1998). To establish that a non-diverse defendant is fraudulently joined, the party opposing the remand must demonstrate, "by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Id. at 461.

Plaintiff's sole claim against the individual defendants is for false imprisonment under state common law. False imprisonment is "the unlawful restraint by one person of the physical liberty of another." Berry v. Loiseau, 223 Conn. 786, 820 (Conn. 1992). The length of time is not relevant in determining whether a plaintiff has been falsely imprisoned. Green v. Donroe, 186 Conn. 265, 267 (Conn. 1982) ("Any period of such

2

restraint, however brief in duration, is sufficient to constitute a basis for liability."). In order to establish such a claim in Connecticut, plaintiff must demonstrate that "his physical liberty has been restrained by the defendant and that the restraint was against his will, that is, that he did not consent to the restraint or acquiesce in it willingly." Berry, 223 Conn. at 819.

In her amended complaint, plaintiff alleges that Baronette and Dittman restrained her and prevented her from leaving the small office in which she was placed. Plaintiff also contends that her personal liberty was restrained. While the circumstances of plaintiff's joinder of the individual defendants is suspect, plaintiff has established a prima facie case of false imprisonment against them. Therefore, plaintiff can establish a cause of action in state court against them and their joinder is appropriate.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand this case to state court (Doc. #8). The Clerk is instructed to remand this case to state superior court.

Dated at Bridgeport, Connecticut, this 13th day of August, 2008.

/s/
Warren W. Eginton
Senior United States District Judge